UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                    Case No. GG 06-05733
                                                          Chapter 7
BOB WILLIAM ROSENBERGER,

         Debtor.
_____/

JEFF A. MOYER, Trustee,

         Plaintiff,                                       Adversary Proceeding
                                                          No. 07-80602
v.

BANK OF AMERICA, N.A.,

         Defendant.
_____/

OPINION REGARDING VENUE IN
ADVERSARY PROCEEDING TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS

Appearances:

Jeff A. Moyer, Esq., Wyoming, Michigan, Chapter 7 Trustee.

Lawrence G. Reinhold, Esq., Huntington Woods, Michigan, attorney for Defendant.

I. JURISDICTION

The court has jurisdiction over this bankruptcy case. 28 U.S.C. § 1334. The bankruptcy case and all related proceedings have been referred to this court for decision. 28 U.S.C. § 157(a) and L.R. 83.2(a) (W.D. Mich.). This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(F) (proceeding to determine, avoid and recover a preferential transfer.)

## II. FACTS

Bob William Rosenberger ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on November 9, 2006. Jeff A. Moyer ("Trustee") was appointed as the chapter 7 trustee in this case. On November 5, 2007, the Trustee, as plaintiff, filed an adversary proceeding against defendant Bank of America, N.A. ("Bank") seeking to avoid a payment of $5,576.31 as a preferential transfer under § 547 and to recover the payment under § 550.

The Bank has filed an Amended Motion to Dismiss Complaint for Improper Venue ("Motion"). Relying on 28 U.S.C. § 1409(b), the Bank argues that the Trustee's complaint involves a matter "arising in" a bankruptcy case involving less than $10,950 and that, therefore, venue lies only with the "district court for the district in which the defendant resides." Further, the Bank claims that it is a resident of the District of Delaware, where the Bank's main office is located.[2]

The court heard oral argument on the Motion and both the Trustee and the Bank have submitted legal memoranda.

## III. ISSUE

The issue is relatively straightforward. Should this adversary proceeding be dismissed for improper venue?

---

[1]   The Bankruptcy Code as amended by BAPCPA is set forth in 11 U.S.C. §§ 101-1532, inclusive. In this opinion, future references to the Bankruptcy Code shall be designated as "§ ___."

[2]   For purposes of this opinion, the court will accept the Bank's assertion as true.

## IV.  DISCUSSION

A.    *Is This Adversary Proceeding a Proceeding "Arising Under Title 11" or Is It a Proceeding "Arising in or Related to a Case Under Title 11?"*

Venue in bankruptcy cases is governed by 28 U.S.C. § 1409 which provides, in pertinent part, as follows:

> (a)    Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
> (b)    Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,100 or a consumer debt of less than $16,425, or a debt (excluding a consumer debt) against a noninsider of less than $10,950, only in the district court for the district in which the defendant resides.

This statutory provision establishes venue in the district court where the bankruptcy case is pending (the "home" court) for the three distinct types of proceedings:  those "*arising under* title 11," those "*arising in* . . . a case under title 11," and those "*related to* a case under title 11."   28 U.S.C. § 1409(a) (emphasis added).  In contrast, the monetary limitations narrowing venue apply only to proceedings "*arising in or related to*" the bankruptcy case.  28 U.S.C. § 1409(b) (emphasis added).  Congress, in crafting the limitations of the venue provision omitted any reference to a proceeding "arising under title 11."  Id.

The Bank argues that Congress' omission was inadvertent and that the Trustee's action to avoid and recover a preference "arises in" the bankruptcy case.  See Muskin,

3

Inc. v. Strippit, Inc. (In re Little Lake Indus.), 158 B.R. 478 (Bankr. 9th Cir. 1993). This court disagrees and respectfully declines to follow Little Lake.

Throughout the history of the Bankruptcy Code, Congress has carefully delineated three distinct bases for bankruptcy court jurisdiction and venue. In passing the Bankruptcy Reform Act of 1978, Congress specified the three categories for jurisdiction of proceedings: those "arising under title 11," those "arising in . . . a case under title 11," and those "related to a case under title 11." 28 U.S.C. § 1471 (abrogated).

When it became necessary to amend the jurisdictional sections in response to Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982), Congress once again delineated the three distinct bases for jurisdiction, providing that a district court would have jurisdiction over proceedings "*arising under* title 11, or *arising in* or *related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

The venue provisions directly channel the jurisdictional language and provide that the "home" district court is generally the proper venue for a "proceeding arising under title 11, *or* arising in or related to a case under title 11." 28 U.S.C. § 1409(a) (emphasis added). However, in the very next subparagraph of the statute, which identifies matters over which the "home" district court does *not* have proper venue, Congress limited the exception only to proceedings "arising in or related to" a case under Title 11. 28 U.S.C. § 1409(b).

Bankruptcy avoidance actions, such as the Trustee's action to recover a preference, have consistently been held to be proceedings which "arise under" the

4

Bankruptcy Code. The legislative history buttresses this conclusion. "Any action by the trustee under an avoiding power would be a proceeding *arising under* Title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of Chapter 5 of Title 11." H.R. REP. NO. 95-595, at 445 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6401 (emphasis added).

Likewise, in discussing the 1984 amendments to the bankruptcy statutes, Senator Hatch explained that a case "*arises under* the Constitution or laws of the United States" when a "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action . . . ." 130 CONG. REC. S6089 (daily ed. May 21, 1984) (emphasis added). He further stated that "*[f]ederal laws govern disputes over whether property transferred prior to a bankruptcy should be returned to a bankrupt's estate* to help satisfy creditors." Id. (emphasis added). Accordingly, a preference action involves a federal right which "arises under" the Bankruptcy Code.

Every Court of Appeals which has examined the question has held that a matter invoking a "substantive right created by federal bankruptcy law," such as a preference recovery, is a matter "arising under the Bankruptcy Code." See, e.g., Browning v. Levy, 283 F.3d 761, 773 (6th Cir. 2002).

Relying on *Browning*, the Second Circuit Court of Appeals has likewise determined that avoidance actions, "necessarily '*arise under*' Title 11" because they "invoke substantive rights created by bankruptcy law." Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70 (2d Cir. 2002) (emphasis added). "Congress used the phrase 'arising under title 11' to describe those proceedings that

5

involve a cause of action created or determined by a statutory provision of title 11." Wood v. Wood (In re Wood), 825 F.2d 90, 96 (5th Cir. 1987).

The distinction between proceedings which "arise under" the Bankruptcy Code and those which "arise in" cases under the Bankruptcy Code is well recognized. "A case 'arises under' title 11 'if it invokes a substantive right provided by title 11,'" while "[t]he category of proceedings 'arising in' bankruptcy cases 'includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens.'" Stoe v. Flaherty, 436 F.3d 209, 216 (3d Cir. 2006) (citations omitted). According to the Fourth Circuit Court of Appeals: "proceedings or claims 'arising in' Title 11 are those that 'are *not* based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'" Valley Historic Ltd. P'ship v. Bank of New York, 486 F.3d 831, 835 (4th Cir. 2007) (quoting Grausz v. Englander, 321 F.3d 467, 471 (4th Cir. 2003)) (emphasis added). The Eleventh Circuit has likewise recognized the distinction, stating: "'[a]rising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code. The 'arising in a case under' category is generally thought to involve administrative-type matters . . . ." Continental Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999) (internal citation omitted).

An avoidance action, such as the Trustee's preference action here, is the classic example of a proceeding based upon "a substantive right created by federal bankruptcy law" as referred to by the Sixth Circuit. Browning, 283 F.3d at 773. "The quintessential *arising under* actions are preference or fraudulent conveyances claims brought under

6

the avoidance provisions of the Code . . . ." Bankruptcy Law Manual, § 2A:7 (5th ed., rev. 2008) (emphasis added).

Given the legislative history and well-established case law holding that avoidance actions are matters which "arise under" title 11, could Congress have intended to subject such proceedings to the venue limitations of 28 U.S.C. § 1409(b)? This court answers a resounding "no."

Congress' omission of proceedings which "arise under" title 11 from the limitations on venue found in 28 U.S.C. § 1409(b) was deliberate, as has been held in almost all opinions that have reviewed this question. "It is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." In re Cormier, 382 B.R. 377, 393-94 (Bankr. W.D. Mich. 2008) (quoting BFP v. Resolution Trust Corp., 511 U.S. 531, 537, 114 S. Ct. 1757, 1761 (1994)).

Van Huffel Tube Corp. v. A & G Indus. (In re Van Huffel Tube Corp.), 71 B.R. 155 (Bankr. N.D. Ohio 1987) (Bodoh, J.) denied a motion to dismiss a preference complaint based upon alleged and improper venue under 11 U.S.C. § 1409(b), and held:

> A preference action is clearly a proceeding "arising under" Title 11, since it could not occur but for a provision found in Title 11. Since the exception of Section 1409(b) only concerns proceedings "arising in" or "related to" cases under Title 11 and does not apply to proceedings "arising under" Title 11, venue is proper in this Court, and we will proceed to hear this cause.

Id. at 156. Further explaining, the court stated:

> The "arising under," "arising in," and "related to" language of Title 28 are specific terms of art which Congress used to distinguish the types of proceedings which could be heard by bankruptcy judges and the places those proceedings could

7

> be heard . . . . To ignore the "arising under" language found in Section 1409(a) and to refuse to make the distinction between the "arising under," "arising in," and "related to" language found in the various jurisdictional and venue provisions relating to bankruptcy courts would be to ignore Congressional intent as set forth in the legislative history of those statutes.

Id. at 156-57.

Other bankruptcy courts have followed the Van Huffel analysis.  In Ehrlich v. Am. Express Travel Related Servs. Co., Inc. (In re Guilmette), 202 B.R. 9 (Bankr. N.D.N.Y. 1996), the court rejected a motion to dismiss for improper venue in a preference recovery action, stating:

> [T]he Court cannot overlook the fact that 28 U.S.C. § 1409(b) specifically excludes proceedings "arising under" Title 11.  Because Congress chose not to include "arising under" proceedings in subsection (b), the Court presumes that Congress acted intentionally and purposely in the exclusion.

Id. at 12-13.

Similarly, another court specifically declined to follow Little Lake and relied upon Van Huffel to reject a motion to dismiss for improper venue under 28 U.S.C. § 1409(b).

> This court agrees with the reasoning in Van Huffel and Guilmette, and finds that the exception contained in 28 U.S.C. 1409(b) does not apply to restrict venue for preference actions under 11 U.S.C. § 547 initiated by the case trustee.  Venue for this adversary proceeding that "arises under" title 11 is proper in accordance with 28 U.S.C. § 1409(a).

Ryan v. Wolter (In re Nashmy), No. 07-1068M, 2007 WL 2305672, at *3 (Bankr. D.N.M. Aug. 6, 2007).

The leading bankruptcy commentaries likewise agree.  One treatise, in discussing 28 U.S.C. § 1409(b), states that it does not apply to avoidance actions, such

8

as preferences, and that "the home court is still a proper venue for avoiding actions, whatever the amount."   4 Collier on Bankruptcy ¶ 4.02[2][b] (15th ed., rev. 2008). Another leading treatise agrees, stating:

> [A]voidance actions under § 550 . . . may be brought in the "home" bankruptcy court.   This is consistent with the legislative history which does not refer to preferences or any other Code-based recovery when discussing that section [Section 1409(b)].

Norton Bankruptcy Law and Practice 3d, § 66:41.

This court holds that the venue limitation provision contained in 28 U.S.C. § 1409(b) does not apply to an adversary proceeding to avoid and recover a preference.

B.   *Alternative Venue Based Upon Where the Bank "Resides."*

There exists an alternative ground upon which to deny the Bank's Motion.  Even assuming venue does not exist under 28 U.S.C. § 1409, venue would still be proper if the Bank "resides" in this district for venue purposes.

The Bank is a national banking corporation.  It contends that it "resides" in Delaware where its "main office" is located.  There is no dispute that the Bank regularly conducts business in this district.

Another venue provision exists as follows:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(c).

Perhaps the most basic test for whether a corporation is subject to personal jurisdiction of a court is the "doing business" test.  Because the Bank regularly does business in this district, it is subject to personal jurisdiction in this district and, for

9

purposes of venue, "shall be deemed to reside" in this district.   28 U.S.C. § 1391(c). "For corporate defendants, venue is proper in a district where the corporation 'resides,' which is defined as any district in which the corporation is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(b)-(c).  A court has personal jurisdiction over a corporate defendant which purposely avails itself of the privileges of conducting business in the forum state."  Schmidt v. Am. Inst. of Physics, 322 F.Supp.2d 28, 32 (D.D.C. 2004) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174 (1985)).  District courts in Michigan properly exercise personal jurisdiction over corporate defendants who "'purposefully availed' themselves of the privilege of doing business in Michigan."  Perry Drug Stores v. CSK Auto Corp., 93 F. App'x 677, 680 (6th Cir. 2003).

Citing Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 126 S.Ct. 941 (2006) the Bank argues that it is subject to personal jurisdiction only in the district in which its "main office" is located. In *Wachovia*, the Supreme Court was interpreting a *jurisdictional* statute, 28 U.S.C. § 1348.  The *Wachovia* opinion is inapposite to determine a party's residence for venue purposes.  Indeed, in *Wachovia*, the Court expressly stated that "venue and subject-matter jurisdiction are not concepts of the same order." *Wachovia,* 546 U.S. at 316.

Prior to 1982, national banks were subject to a special venue provisions. However, Congress repealed the prior venue provision and, after 1982, civil actions instituted against a national bank "are governed by the general venue statutes."  14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3813 (3d ed., rev. 2008).

10

As a corporation which regularly conducts business throughout western Michigan, the Bank is unquestionably subject to personal jurisdiction in this district. Under 28 U.S.C. § 1391(c), it also "resides" in this district for purposes of venue. Since it "resides" in this district, independent venue exists in this district, even assuming that 28 U.S.C. § 1409(b) applies.

## V. CONCLUSION

Venue of this adversary proceeding is proper in this district under either 28 U.S.C. § 1409(a) or 28 U.S.C. §§ 1409(b) and 1391(c). The Bank's Motion is DENIED. A separate order shall enter accordingly.

Dated this _10th_ day of December, 2008
at Grand Rapids, Michigan

_____
HONORABLE JAMES D. GREGG
Chief United States Bankruptcy Judge

11